**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex Tomasevic (SBN 245598)
  Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

**LAGUARDIA LAW**
  Eric A. LaGuardia (SBN 272791)
402 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 655-4322
Fax: (619) 655-4344
Email: eal@laguardialaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MCGHEE, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN BANCARD, LLC,<br><br>Defendants. | CASE NO. <u>'17CV586 AJB KSC</u><br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) NEGLIGENT MISREPRESENTATION;**<br><br>**(2) FRAUDULENT CONCEALMENT;**<br><br>**(3) INTENTIONAL MISREPRESENTATION;**<br><br>**(4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br><br>**(5) RESTITUTION/UNJUST ENRICHMENT;**<br><br>**(6) VIOLATIONS OF CALIFORNIA'S UCL; AND**<br><br>**(7) VIOLATIONS OF CALIFORNIA'S FAL.** |

Plaintiff, Gerald McGhee ("McGhee" or "Plaintiff"), on behalf of himself and those similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, alleges as follows:

**INTRODUCTION**

1. This is a class action lawsuit on behalf of consumers who incurred undisclosed and misrepresented monthly charges after they obtained mobile credit card processing devices.

2. Defendant NORTH AMERICAN BANCARD, LLC ("Defendant" or "NAB"), is a payment processing company. One service NAB offers under the assumed name (does business as) Pay Anywhere, LLC is a mobile credit card reader ("Card Reader" or "Card Readers"). NAB advertises this product as free, with no setup fees, monthly fees, or other hidden fees ("Fees") (these statements as a whole are collectively referred to as "Misrepresentations"). NAB offers the Card Reader in exchange for payment of a set percentage of transactions processed through the Card Reader.

3. Plaintiffs are individuals who obtained a Card Reader from NAB and agreed to pay NAB a set percentage of transactions processed through the Card Reader.

4. Despite the Misrepresentations, Defendant charges Fees to individuals who obtain a Card Reader.

5. As a result of the above conduct, Defendants engaged in negligent misrepresentation, fraudulent concealment, and intentional misrepresentation. They also breached the covenant of good faith and fair dealing inherent in every agreement. These actions entitle Plaintiff and those similarly situated to restitution based on Defendant's unjust enrichment.

6. Defendant's conduct also implicates several specific California consumer statutes, namely California's Unfair Competition Law ("UCL"),

California Business and Professions Code sections 17200, *et seq.* and California's
False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

## **JURISDICTION AND VENUE**

7.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §
1332(a)(1) because Plaintiff is a California resident and Defendant is a Delaware
and/or Michigan resident. The amount in controversy exceeds the sum or value of
$75,000, exclusive of interests and costs.

8.      This Court also has jurisdiction based on 28 U.S.C. § 1332(d). Plaintiff
is informed and believes that the National Class, defined *infra*, is comprised of over
100 persons. Furthermore, Plaintiff is a citizen of California, whereas Defendant is
a citizen of Delaware and/or Michigan. Plaintiff is informed and believes that the
amount in controversy in the Complaint exceeds the sum or value of $5,000,000.

9.      This Court has personal jurisdiction over Defendant because it
conducts substantial business in California. NAB intentionally availed itself to the
laws and markets of California through operation of its business in California.

10.      Venue is proper in the Southern District of California pursuant to 28
U.S.C. § 1391(b) and (c). A substantial part of the events or omissions giving rise to
Plaintiff's claims occurred in this judicial District.

## **THE PARTIES**

11.      Plaintiff GERALD MCGHEE is, and at all times herein mentioned
was, an individual residing in the County of San Diego, California.  He obtained a
Card Reader from Defendant in California around November 2014 and was charged
Fees from approximately December 2015 through April 2016.

12.      Plaintiff is informed and believes defendant NORTH AMENICAN
BANCARD, LLC is, and at all times mentioned was, a corporation organized and
existing under and by virtue of the laws of the State of Delaware, and doing
business in the County of San Diego, State of California. Defendant's principle
place of business is in Michigan. Defendant is registered with the State of Michigan

to use the assumed name (do business as) Pay Anywhere, LLC ("Pay Anywhere").

## GENERAL ALLEGATIONS

13.     On or about November 2014, Plaintiff acquired a Card Reader from Defendant for processing credit card transactions in connection with a business Plaintiff owned and operated. Plaintiff was contacted by Defendant's salesperson. The salesperson represented that Defendant would send Plaintiff the device, but that Plaintiff would never be charged or otherwise owe anything unless and until Plaintiff used the device to process credit card transactions. Where use occurred, Defendant was to receive a set percentage of the transaction. Plaintiff agreed to these terms.

14.     NAB's website (www.nabancard.com) lists Pay Anywhere under its "Our Companies" heading and directly links to Pay Anywhere's website (www.payanywhere.com). On Pay Anywhere's website, the same Misrepresentations are set forth – that Card Readers have no setup, monthly, or hidden fees ("Fees"); and that the user pays "just [a set percent] per swipe."

15.     Defendant sent Plaintiff a Card Reader in accord with their agreement.

16.     Plaintiff never used the Card Reader.

17.     On or about December 2015, Defendant began deducting Fees from Plaintiff's bank account. This continued through April 2016.

18.     At some point after the charges began, Plaintiff called Defendant in an effort to stop the charges and to obtain a refund. Defendant promised to stop any further charges. The charges did not stop, however, and Defendant continued to charge Plaintiff monthly for several months thereafter.

19.     Defendant refused to refund, and has not to this date refunded, any of the charges incurred by Plaintiff.

## CLASS ALLEGATIONS

20.     Plaintiff brings class action claims pursuant to FRCP Rule 23. Plaintiff seeks to represent a class defined as follows:

All persons in the United States charged a Fee as a result of obtaining Defendant's Card Reader beginning at the start of the applicable statute of limitations period and ending on the date as determined by the Court ("National Class").

21.     Plaintiff also seeks to represent a subclass defined as follows:

All National Class members who were California residents at the time they obtained a Card Reader or were within the State of California when they obtained a Card Reader ("California Class").

22.     Defendant, as a matter of corporate policy, practice, and procedure, and in violation of the applicable law, intentionally, knowingly, and willfully charged Fees despite its Misrepresentations.

23.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in FRCP Rule 23, in that:

(a)     The persons who comprise the respective Classes are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the respective Classes and will apply uniformly to every member of the respective Classes;

(c)     The claims of the representative Plaintiff are typical of the claims of each member of the respective Classes. Plaintiff, like all other members of the respective Classes, was subjected to Defendant's illegal practice of charging Fees despite representing that such charges would not occur. Plaintiff sustained economic injury as a result of Defendant's practices. Plaintiff and the members of the respective Classes were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendant; and

(d)     The Plaintiff will fairly and adequately represent and protect the interest of the respective Classes, and has retained attorneys who are competent and experienced in Class Action litigation. There are no material

CLASS ACTION COMPLAINT

conflicts between the claims of the representative Plaintiff and the members of the respective Classes that would make class certification inappropriate. Counsel for the respective Classes will vigorously assert the claims of all Class Members.

24.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to FRCP Rule 23, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within a class format, prosecution of separate actions by individual members of the respective Classes will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members establishing incompatible standards of conduct for the parties opposing the respective Classes and/or which would as a practical matter be dispositive of interests of the other members not party to the adjudication. This would substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the respective Classes have acted or refused to act on grounds generally applicable to the respective Classes, making appropriate class-wide relief with respect to the respective Classes as a whole.

(c)     Common questions of law and fact exist as to the members of the respective Classes, with respect to the practices and violations of law as listed above, and predominate over any question affecting only individual members. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the respective Classes in individually controlling the prosecution or defense of separate actions;

CLASS ACTION COMPLAINT

2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the respective Classes;

3)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4)   The difficulties likely to be encountered in the management of a Class Action; and,

5)   The basis of Defendant's conduct towards Plaintiff and the respective Classes.

25.   The class is ascertainable. Defendant maintains records from which the Court can ascertain the identity, purchase dates, and other information of each of Defendant's customers who were systematically, intentionally, and uniformly subjected to Defendant's unlawful behavior. The records of Defendant will identify which customers incurred monthly charges for lack of use.

**FIRST CAUSE OF ACTION**
**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE NATIONAL CLASS**
**AGAINST DEFENDANT FOR NEGLIGENT MISREPRESENTATION**
**(Class Action under FRCP Rule 23)**

26.   Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

27.   Plaintiff brings this claim individually and on behalf of the National Class against Defendant.

28.   Defendant represented to Plaintiff and the National Class that the Card Reader was free, with no setup fees, monthly fees, or other hidden fees ("Misrepresentations").

29.   In fact, Defendant charged Plaintiff and the National Class Fees.

30.   Defendant knew or should have known that Plaintiff and the National Class would rely on the Misrepresentations and that the Misrepresentations were false.

31.     The truth of the Misrepresentations was important to Plaintiff and the National Class and was a substantial factor in their election to obtain Card Readers.

32.     Plaintiff and the National Class were harmed by the resulting Fees.

**SECOND CAUSE OF ACTION**
**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE NATIONAL CLASS**
**AGAINST DEFENDANT FOR FRAUDULENT CONCEALMENT**
**(Class Action under FRCP Rule 23)**

33.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

34.     Plaintiff brings this claim individually and on behalf of the National Class against Defendant.

35.     Defendant knew that the Misrepresentations were false at the time Plaintiff and the National class acquired the Card Readers.

36.     Defendant fraudulently concealed from and/or intentionally failed to disclose to Plaintiff and the National Class that there would be monthly charges associated with the Card Readers.

37.     Knowledge regarding monthly charges associated with the Card Reader was within the exclusive knowledge of Defendant and was not something that Plaintiff or the National Class, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

38.     Plaintiff and the National Class were reasonably misled as to the true terms of the acquisition of the Card Reader, as Defendant intended.

39.     Plaintiff and the National Class were harmed by the resulting Fees.

**THIRD CAUSE OF ACTION**
**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE NATIONAL CLASS**
**AGAINST DEFENDANT FOR INTENTIONAL MISREPRESENTATION**
**(Class Action under FRCP Rule 23)**

40.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

41.    Plaintiff brings this claim individually and on behalf of the National Class against Defendant.

42.    Defendant made Misrepresentations regarding charges associated with the Card Reader to Plaintiff and the National Class.

43.    The Misrepresentations were false.

44.    Defendant knew the Misrepresentations were false when made and/or made the Misrepresentations recklessly, without regard to their truth. Defendants were in fact charging and/or planned to charge individuals who obtained Card Readers Fees at the time of the transactions involving Plaintiff and the National Class.

45.    Defendant intended for Plaintiff and the National Class to rely on the Misrepresentations and they reasonably did so.

46.    Plaintiff and the National Class were harmed by the resulting Fees. The Misrepresentations were a substantial factor in causing this harm; Plaintiffs and the National Class would have opted not to receive the Card Readers had the Fees been disclosed.

**FOURTH CAUSE OF ACTION**
**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE NATIONAL CLASS AGAINST DEFENDANT FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Class Action under FRCP Rule 23)**

47.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

48.    Plaintiff brings this claim individually and on behalf of the National Class against Defendant.

49.    Implicit within any agreement that Plaintiff and the National Class may have entered into with respect to the Card Readers is a covenant by Defendant to act in good faith and deal fairly.

50.    Defendant breached this implied duty by intentionally, knowingly, willfully, and/or recklessly:

a.     Promoting the Card Reader as free and without Fees;

b.     Refusing to refund Plaintiff and National Class who were charged Fees in association with the Card Reader;

c.     Refusing to stop the monthly charges once these charges were brought to Defendant's attention by Plaintiff and National Class members;

d.     Engaging in such other conduct to be disclosed in discovery.

51.     Plaintiff and the National Class suffered damages as a result of Defendant's breach of its duty to act in good faith and deal fairly. They were charged monthly, did not receive refunds on those charges, and did not have charges stopped despite their requests.

**FIFTH CAUSE OF ACTION**
**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE NATIONAL CLASS AGAINST DEFENDANT FOR UNJUST ENRICHMENT**
**(Class Action under FRCP Rule 23)**

52.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

53.     Plaintiff brings this claim individually and on behalf of the National Class against Defendant.

54.     By obtaining the Card Readers and incurring Fees, Plaintiff and the National Class conferred benefits on Defendant.

55.     Defendant has been unjustly enriched in retaining the Fees derived from Plaintiff and the National Class. Retention of those Fees under these circumstances is unjust and inequitable based on Defendant's Misrepresentations and resulting injuries to Plaintiffs and the National Class who would not have obtained the Card Readers and/or agreed to the terms associated with the Card Readers had they known the Misrepresentations were false.

[*rest of page intentionally left blank*]

## SIXTH CAUSE OF ACTION
### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CALIFORNIA CLASS AGAINST DEFENDANT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (Class Action under FRCP Rule 23)

56.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

57.     Plaintiff brings this claim individually and on behalf of the California Class against Defendant.

58.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

59.     Defendant has committed, and upon information and belief continues to commit, ongoing business practices within the meaning of California's UCL, including, but not limited to: (i) making negligent misrepresentations regarding its Fees; (ii) fraudulently concealing that it charges Fees; (iii) making intentional misrepresentations regarding its Fees; (iv) breaching the implied covenant of good faith and fair dealing; (v) and being unjustly enriched at Plaintiff and the California Class' expense.

60.     The unlawful business practices described above have proximately caused monetary damages to Plaintiff, the California Class, and the general public.

61.     Pursuant to the UCL, Plaintiff and the California Class are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

62.     Pursuant to the UCL, Plaintiff, the California Class, and the general public are entitled to injunctive relief against Defendant's ongoing continuation of such unlawful business practices.

63.     If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiff, the California Class, and the general public will be irreparably injured, the exact extent, nature, and amount of such injury being impossible to ascertain.

1  64.  Plaintiff and the California Class have no plain, speedy, and adequate

2  remedy at law.

3  65.  Defendant, if not enjoined by this Court, will continue to engage in the

4  unlawful business practices described above in violation of the UCL, in derogation

5  of the rights of Plaintiff, the California Class, and of the general public.

6  66.  Plaintiff's success in this action will result in the enforcement of

7  important rights affecting the public interest by conferring a significant benefit upon

8  the general public.

9  67.  Private enforcement of these rights is necessary as no public agency

10  has pursued enforcement. There is a financial burden incurred in pursuing this

11  action, and it would be against the interests of justice to require the payment of

12  attorneys' fees from any recovery in this action.

13  68.  Plaintiff is therefore entitled to an award of attorneys' fees and costs of

14  suit pursuant to California Code of Civil Procedure section 1021.5.

15  **SEVENTH CAUSE OF ACTION**
**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CALIFORNIA**
16  **CLASS AGAINST DEFENDANT FOR VIOLATIONS OF THE FALSE**
**ADVERTISING LAW**
17  **(Class Action under FRCP Rule 23)**

18  69.  Plaintiff repeats the allegations contained in the foregoing paragraphs

19  as if fully set forth herein.

20  70.  Plaintiff brings this claim individually and on behalf of the California

21  Class against Defendant.

22  71.  The False Advertising Law prohibits any statement in connection with

23  the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code § 17500.

24  72.  As described above, Defendant's Misrepresentations regarding Fees

25  are untrue as well as misleading.

26  73.  Defendant knew or should have known that the Misrepresentations

27  were untrue and misleading.

28

74.    Plaintiff and the California Class are entitled to injunctive relief as well as equitable relief and/or restitution in the amount incurred in Fees associated with the Card Reader.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf and on the behalf of those similarly situated, prays for judgment as follows:

1.    For an order certifying as a class action, under FRCP Rule 23, the claims stated herein;

2.    For consequential damages according to proof;

3.    For statutory damages and penalties according to proof;

4.    For restitution to Plaintiffs and those similarly situated of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to violate the mandates established by California's UCL and FAL;

5.    For an injunction to prohibit Defendant to engage in the unfair business practices complained of here;

6.    For an injunction requiring Defendant to give notice to persons to whom restitution is owing of the means by which to file for restitution;

7.    For pre-judgment interest as allowed by California Civil Code Section 3287;


[*rest of page intentionally left blank*]

1    8.    For reasonable attorneys' fees, expenses and costs as provided by

2    California Code of Civil Procedure Section 1021.5 and the other statutes at issue;

3    and

4    9.    For such other relief that the court may deem just and proper.

5                         **REQUEST FOR JURY TRIAL**

6        Plaintiffs hereby request a Trial by Jury.

7

8    DATED:   March 24, 2017                **NICHOLAS & TOMASEVIC, LLP**

9

10

11                                     By: /s/ Shaun Markley
                                       Craig M. Nicholas
12                                     Alex M. Tomasevic
                                       Shaun A. Markley
13                                     225 Broadway, 19th Floor
                                       San Diego, California 92101
14                                     Tel: (619) 325-0492
                                       Fax: (619) 325-0496
15
                                       Email: cnicholas@nicholaslaw.org
16                                     Email: atomasevic@nicholaslaw.org
                                       Email: smarkley@nicholaslaw.org
17

18                                     **LAGUARDIA LAW**
19                                     Eric A. LaGuardia (SBN 272791)
                                       402 West Broadway, Suite 800
20                                     San Diego, California 92101
                                       Telephone: (619) 655-4322
21                                     Facsimile: (619) 655-4344
22                                     Email: eal@laguardialaw.com

23

24                                     *Attorneys for Plaintiff*

25

26

27

28

CLASS ACTION COMPLAINT