UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerald McGhee,<br><br>           Plaintiff,<br><br>v.<br><br>North American Bancard, LLC,<br><br>           Defendant. | Case No.: 17-cv-0586-AJB-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY (Doc. No. 36)** |

After the Court denied defendant North American Bancard's motion to compel mandatory arbitration, NAB appealed. (Doc. Nos. 28, 36.) NAB then filed this motion to stay proceedings pending the Ninth Circuit's ruling on that order. Because NAB would irreparably lose the benefit of arbitration if forced to proceed with the case during appeal, the Court **GRANTS** NAB's motion.

## I.   LEGAL STANDARDS

Courts have discretion in deciding whether a stay pending appeal should be granted. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). Under Rule 62(c), a Court must consider whether (1) there is a likelihood of success on the merits, (2) irreparable injury to the moving party, (3) substantial injury to the non-moving party, and (4) public interest. *Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, 512 F.3d 1112, 1115 (9th Cir. 2008). The first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418,

434 (2009). "In light of *Nken*, the Ninth Circuit clarified its treatment of the first two factors, holding that the movant's 'burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as she must show that an irreparable injury is the more probable or likely outcome.'" *Cesca Therapeutics Inc. v. SynGen Inc.*, No. 2:14-cv-2085-TLN-KJN, 2017 WL 1174062, at *2 (E.D. Cal. Mar. 30, 2017) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)). A party satisfying this lower threshold under the first *Nken* factor "is not required to show that it is more likely than not to win on the merits, but must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor." *Morse v Servicemaster Global Holdings, Inc.*, No. 10-CV-0628-SI, 2013 WL 123610, at *2 (N.D. Cal. Jan. 8, 2013) (internal citations and modifications omitted). A movant may show a substantial legal question exists instead of arguing a possibility of success on the merits so long as "the final three factors strongly weigh in favor of granting a stay." *Eberle v. Smith*, No. 07-CV-0120 W(WMC), 2008 WL 238450, at * 2 (S.D. Cal. Jan. 29, 2008).

## II. DISCUSSION

NAB argues (1) its appeal presents serious legal questions, (2) it is likely to win on the merits, (3) public interest favors staying proceedings, and (4) NAB will suffer irreparable harm should the Court deny the stay.

**A. Substantial Legal Question**

NAB argues courts have held a party need now show probability of success on appeal, but that a serious legal question exists. (Doc. No. 36-1 at 6.) To that point, NAB states the Court's July 21 2017 Order denying compelled arbitration deals with "fundamental issues regarding the evolving law of the enforceability of electronic agreements . . . ." (Doc. No. 36-1 at 6.) What is considered a serious legal question is unclear. However, issues of first impression are considered serious legal questions within the Ninth Circuit. *Mohamed v. Uber Techs., et al*, 115 F. Supp. 3d 1024, 1029 (N.D. Cal. 2015) ("[f]or a legal question to be 'serious,' it must be a 'question going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and

2

deserving of more deliberate investigation.'" (quoting *Walmer v. United States DOD*, 52 F.3d 851, 854 (10th Cir. 1995))).

NAB argues the Ninth Circuit has not resolved the issue of whether users can be compelled into arbitration agreements by clicking an "I accept" button on a website. NAB cites to a Second Circuit opinion which recently held "such agreements are enforceable . . . ." (Doc. No. 36-1 at 7.) NAB, therefore, asserts this is an important and novel area of law and "that the Ninth Circuit be allowed to consider this critical issue before NAB is required to litigate in this District Court." (*Id.*)

In response, McGhee negates NAB's characterization of the law and the facts. McGhee points to the Court's prior order stating Ninth Circuit authority acknowledges NAB's two-step process could fall within the parameters of a modified clickwrap agreement. (Doc. Nos. 28 at 4; 39 at 5.) The Court's prior order found there was no assent to the terms containing the arbitration clause, finding "[i]t stretches credulity to assert that the actual page that is linked to the application McGhee filled out does not govern that application, but rather another page linked to the page that is linked to the application does." (Doc. No. 28 at 7.) But the Court's holding turned on the fact that although the service agreement McGhee agreed to was labeled "MERCHANT SERVICE AGREEMENT," and McGhee was not a potential merchant, he was still bound to those terms and conditions—as opposed to the terms containing the arbitration agreement, which was located on another hyperlinked page. (*Id.* 5–8.) Whether McGhee's manifestation of assent based on the conspicuousness of NAB's distinction between the agreement intended for McGhee over the agreement labeled for merchants is indeed an issue of first impression. Accordingly, this factor weighs in favor of granting a stay. Because NAB argues that a serious legal question exists, the next three factors must weigh sharply in NAB's favor—and the Court finds they do.

**B. Defendant's Harm**

As to the balance of hardships, NAB argues the balance tips in their favor because "permitting these proceedings to continue while NAB's appeal is pending would deprive

3

NAB – perhaps permanently – of the efficient streamlined procedures the parties agreed to when Plaintiff registered to use NAB's PayAnywhere Service." (Doc. No. 36-1 at 8.) Additionally, NAB argues, McGhee will likely seek class certification, which the arbitration provision waives, forcing more costly appeals. (*Id.*) McGhee criticizes NAB's use of financial hardships, yet there is ample case law supporting NAB's position. *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("[W]here an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. If that party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration— speed and economy—are lost forever. We find this consequence serious, perhaps, irreparable."). Although NAB will have to incur some litigation costs eventually, NAB will lose the benefit of its arbitration agreement. Thus, this factor weighs in favor of a stay.

**C. Plaintiff's Harm**

NAB argues McGhee would not be harmed by a stay because his "right to litigate the issues in his complaint will not disappear pending the stay." (Doc. No. 36-1 at 27.) McGhee counters that his age and the risk of losing evidence impose an undue hardship. At "90 years old and in fragile health," McGhee states a stay could permanently deprive him of justice in this matter. NAB retorts that McGhee's speculation that evidence may be lost is vague and should be disregarded. The Court agrees. Without proof that there is some evidence actually at risk of spoliation, the guess that some evidence may be lost at some point down the line fails to tip the scale. Regarding McGhee's age and health concerns, McGhee did not cite any case law supporting his position that health and age are relevant to the matter. A district court in Nevada found that plaintiff's age (87) did not outweigh prejudice to defendants of engaging in duplicative discovery. *Shehan v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01170-MMD-CWH, 2012 WL 3536690, at *3 (D. Nev. Aug. 14, 2012). While the Court sympathizes with McGhee's concerns about his age and his health, it does not balance the hardship NAB would have if the stay were denied and NAB would have to litigate a class action lawsuit to trial possibly before the Ninth Circuit

4

ruled arbitration was necessary. Such a decision would be extremely burdensome on NAB, and could lead to inconsistent judgments, which would take more years and resources to sort out. The Court finds this factor also weighs in favor of a stay.

**D. Public Interest**

NAB states that because the FAA requires courts to favor arbitration, the public's interest in judicial economy tips in favor of a stay. (Doc. No. 36-1 at 27.) McGhee replies that a stay "'will allow any harm to the putative class members to continue, and therefore may materially affect the public interest in vindicating the rights of consumers.'" (Doc. No. 39 at 9, quoting *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 WL 2221076, at *5 (N.D. Cal. Aug. 2, 2007).) However, courts have rejected this very reasoning as being circular in logic by presuming the rightfulness of its position. *See Ward v. Estate of Goossen*, Case No. 14–cv–03510–THE, 2014 WL 7273911, at *5 (N.D. Cal. Dec. 22, 2014). Here, the public has a greater interest in the benefit of saving judicial resources through arbitration than the possibility of future consumers being allegedly affected. *Id.* ("the Court finds that '[t]he policy underlying the FAA is to promote judicial efficiency and economy. Thus, contrary to public policy, judicial resources will be wasted if this case proceeds all the way to trial, only for the Court to later discover that the case should have proceeded through arbitration.'" (quoting *Zaborowski v. MHN Gov. Services, Inc.*, No. C 12–05109 SI, 2013 WL 1832638, at *3 (N.D. Cal. May 1, 2013))). Thus, the Court finds this factor also weighs in favor of a stay.

## III. CONCLUSION

The Court concludes that a stay of proceedings while the parties appeal to the

//
//
//
//
//
//

5

1 | Ninth Circuit is appropriate. The parties are ordered to file a short status report every **90**
2 | **days** on the status of the case and the appeal.
3 | **IT IS SO ORDERED.**
4 | Dated:  February 6, 2018

*/s/ Anthony J. Battaglia*
Hon. Anthony J. Battaglia
United States District Judge