UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MCGHEE, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN BANCARD LLC,<br><br>Defendant. | Case No.: 3:17-cv-00586-AJB-KSC<br><br>**ORDER DENYING DEFENDANT NORTH AMERICAN BANCARD'S MOTION TO DISMISS AND/OR STRIKE CLASS ACTION CLAIMS AND RELATED ALLEGATIONS**<br><br>**(Doc. No. 60.)** |

Presently before the Court is Defendant North American Bancard, LLC's ("NAB") motion to dismiss and/or strike class action claims and related allegations. (Doc. No. 60.) NAB also requests a stay of discovery pending resolution of this motion. (*Id.*) Plaintiff Gerald McGhee ("McGhee") opposes the motion. (Doc. No. 61.) Having reviewed the parties' arguments in light of controlling authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for disposition without oral argument. For the reasons set forth below, the Court **DENIES** NAB's motion to dismiss and/or strike.

**I.      BACKGROUND**

NAB is a provider of mobile credit card processing services called "PayAnywhere." McGhee, a merchant, acquired a credit card reader from NAB, but never used it. After more than one year, NAB began deducting a monthly non-use fee from McGhee's bank

account. Despite contacting NAB to stop the charges and demanding a refund, NAB continued to charge McGhee for several months and refused to issue a refund. As a result, McGhee instituted this lawsuit on March 24, 2017, by filing the class action complaint. (Doc. No. 1.) McGhee brings this nationwide putative class action on behalf of "[a]ll persons in the United States charged a Fee as a result of obtaining [NAB]'s Card Reader beginning at the start of the applicable statute of limitations period and ending on the date as determined by the Court . . . ." (*Id.* ¶ 20.)

Of importance to the resolution of this instant motion is the Court's order on NAB's motion to compel arbitration. (Doc. No. 28.) As background, on May 15, 2017, NAB moved to compel arbitration, asserting McGhee agreed to arbitrate his claims when he signed up for NAB's services. (Doc. No. 13.) The Court denied NAB's motion, holding McGhee did not assent to the "User Agreement" containing the arbitration provision because it was inconspicuously hyperlinked into the body of another agreement. (Doc. No. 28 at 7.) The Court then determined it was the "PayAnywhere Terms and Conditions of Merchant Service Agreement" ("the MSA") that was the controlling agreement McGhee assented to. (*Id.*) NAB appealed the decision, and the Ninth Circuit affirmed on March 6, 2019. *See McGhee v. N. Am. Bancard, LLC*, 755 F. App'x 718 (9th Cir. 2019). Following the Ninth Circuit's decision, on August 27, 2019, NAB filed a motion to dismiss and/or strike McGhee's strike class action claims and related allegations. (Doc. No. 60.) McGhee opposed the motion and NAB replied. (Doc. Nos. 61–62.) This order follows.

## II. REQUEST FOR JUDICIAL NOTICE

McGhee requests judicial notice of a Form 10-K, for the fiscal year ending on December 31, 2018, filed with the United States Securities and Exchange Commission ("SEC"). (Doc. No. 61-1 at 2.) Federal Rule of Civil Procedure 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

2

Under Rule[1] 201, judicial notice of the Form 10-K is appropriate because SEC filings have been routinely held as proper subjects for judicial notice. *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 (9th Cir. 2006) (*citing MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)). Accordingly, the Court **GRANTS** McGhee's request for judicial notice of the Form 10-K.

## III.   LEGAL STANDARD

Although NAB styles its motion as a "motion to dismiss and/or strike" pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), McGhee argues NAB's motion is procedurally improper because it is a post-answer motion to dismiss. (Doc. No. 61 at 14–15.) Thus, McGhee urges the Court to deny the motion because it is unclear whether the Court will deem it to be a Rule 12(b)(6) motion, a Rule 12(c) motion for partial judgment on the pleadings, a Rule 12(f) motion to strike, or a Rule 23 motion to deny class certification. (Doc. No. 61 at 14.) In its reply, NAB appears to clarify it is seeking a Rule 12(c) motion for partial judgment on the pleadings in addition to a Rule 12(f) motion to strike. (Doc. No. 62 at 8.) The Court agrees a Rule 12(b)(6) motion is procedurally improper at this stage of the litigation. *See Brain Life, LLC v. Elekta, Inc.*, 2012 WL 48024, at *2 (S.D. Cal. Jan. 6, 2012) (striking a motion to dismiss made after the filing of an answer). But for the sake of determining the motion on its merits, and because NAB's original motion was a "motion to dismiss *or in the alternative*, a motion to strike," the Court will entertain NAB's motion only as a motion to strike. *See Pedrina v. Han Kuk Chun*, 979 F.2d 855 (9th Cir. 1992) ("Rather, it is because of a general preference for having cases decided on the merits, rather than on procedural technicalities.").

As for the legal standard for a motion to strike, under Rule 12(f), the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is "to

---

[1] Unless stated otherwise in this order, "Rule" refers to the Federal Rules of Civil Procedure.

3

1  avoid the expenditure of time and money that must arise from litigating spurious issues by
2  dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d
3  970, 973 (9th Cir. 2010). Rule 12(f) motions to strike are generally regarded with disfavor
4  because of the limited importance of pleading in federal practice, and because they are
5  often used as a delay tactic. *See California Dept. of Toxic Substances Control v. Alco*
6  *Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Motions to strike are usually
7  not granted unless it is clear that the matter sought to be stricken could have no possible
8  bearing on the subject matter of the litigation. *In re Wal–Mart Stores, Inc. Wage and Hour*
9  *Litigation*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). Any doubt concerning the import
10 of the allegations to be stricken weighs in favor of denying the motion to strike. *Id.*

Moreover, "[d]ismissal of a class at the pleading stage is rare because 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Mirkarimi v. Nevada Prop.1, LLC*, Case No. 12-cv-2160-BTM-DHB, 2013 WL 3761530, at *4 (S.D. Cal. July 15, 2013) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Thus, "[a]lthough it is not per se improper for a defendant to move to strike class allegations before the motion for class certification, most courts decline to grant such motions because the shape and form of a class action evolves only through the process of discovery." *Simpson v. Best W. Int'l, Inc.*, Case No. 3:12-cv-4672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) (internal citation and quotations omitted).

## IV. DISCUSSION

At the heart of the dispute, NAB argues this action cannot be maintained as a class action because McGhee assented to a class action waiver in the "PayAnywhere Terms and Conditions of Merchant Service Agreement" ("MSA"). (Doc. No. 60 at 15.) McGhee opposes, arguing (1) NAB is not a party to the MSA containing the class action waiver, and (2) even if NAB was a party, the class action waiver is unconscionable and unenforceable. (Doc. No. 61 at 24–25.) In resolving this dispute, the Court will first address whether McGhee assented to a class action waiver. Then, the Court will turn to whether

4

NAB may enforce the class action waiver against McGhee.

### A.     McGhee Assented to a Class Action Waiver

As a preliminary matter, in order to determine whether this Court may strike McGhee's class allegations, the Court must first ascertain whether McGhee assented to a class action waiver. NAB argues the MSA is the agreement McGhee agreed to when he filled out his online application for a credit card reader. (Doc. No. 60 at 15.) And it is this agreement, NAB contends, that contains a class action waiver. (*Id.*) The purported class action waiver in the MSA provides that merchants, such as McGhee, agree that all disputes will be resolved on an "individual basis without resort to any form of class action." (Doc. No. 60-1 at 19.)

Additionally, NAB contends that in the Court's July 21, 2017 order denying NAB's motion to compel arbitration, the Court already concluded McGhee assented to the MSA. (Doc. No. 28.) In that order, the Court resolved the issue of whether McGhee assented to the MSA (which contains the class action waiver at issue here) and whether McGhee assented to the "User Agreement" (a separate agreement which was only viewable by clicking a hyperlink in the body of the MSA). (*Id.*) Although the Court held that McGhee did not assent to the inconspicuous User Agreement, assent was given to the MSA because "McGhee's act of checking the box indicating he read and agreed to the Terms and Conditions indicated his assent to the Terms and Conditions located on the page that that hyperlink takes him to, specifically, the [MSA]." (*Id.* at 7.) Additionally, the Court pointed out that "[w]hile McGhee may have won the day, the Court notes that the Terms and Conditions McGhee himself points to as controlling include a forum selection clause ***and class action waiver***." (Doc. No. 28 at 8 n.4 (emphasis added).) The Ninth Circuit subsequently affirmed the order, concluding "McGhee assented to the [PayAnywhere] Terms and Conditions when filing out the online application by clicking on the button next to the 'I have read and agree to the Terms and Conditions' hyperlink. . ." *McGhee*, 755 F. App'x at 719.

Therefore, as already determined by this Court and the Ninth Circuit, McGhee

5

assented to the terms of the MSA when he filed out his online application for a credit card reader. Because the MSA contains a class action waiver, the "law of the case" dictates the conclusion that McGhee assented to pursing his claims on an individual basis. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) ("The law-of-the-case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'").

### B. NAB May Not Enforce the Class Action Waiver

Although McGhee may have agreed to the MSA, a separate question is whether NAB may enforce the class action waiver against McGhee. Contractual rights such as choice of law or arbitration agreements "generally may not be invoked by one who is not a party to the contract in which it appears." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1165 (9th Cir. 1996); *Britton v. Co-op Banking Group*, 4 F.3d 742, 744 (9th Cir. 1993).

McGhee argues NAB may not enforce the class action waiver because NAB is not a party to the MSA. (Doc. No. 61 at 24.) Instead, McGhee points out that the MSA is "between Global Direct, the Member and the merchant identified in the Merchant Application ('Merchant')." (Doc. No. 19 at 14.) NAB does not dispute that it is not affiliated with Global Direct, and cannot be considered a Member (such as a bank) or a Merchant (like McGhee). Additionally, McGhee argues NAB is precluded from asserting it is a party to the agreement because NAB previously disavowed the MSA in its argument to the Ninth Circuit, claiming NAB was not a party to the MSA, and the MSA never went into effect. (Doc. No. 61 at 24.)

The Court agrees that under a plain reading of the MSA, NAB is not a party to the agreement and so, the class action waiver cannot be enforced by NAB. The dispute before the Court today is a direct result of the inexplicably convoluted structure of NAB's agreements. In order to purchase a credit card reader from NAB, a merchant like McGhee must fill out an online application provided by NAB. (Declaration of Erica Lin, Doc. No. 60-1 ¶ 5.) NAB's online application requires assent to the hyperlinked "Terms and

Conditions." (*Id.*) Yet the hyperlinked "Terms and Conditions" provided by NAB redirects merchants to an agreement (the MSA) ***to which NAB is not even a party***. (Doc. 60-1 at 9.) Instead, the actual agreement between NAB and merchants like McGhee is found only when the merchant clicks on a hyperlink within the body of the MSA. (*Id.* at 8.) Rather than directly linking an agreement to which NAB is not a party, NAB could have ensured the agreement between NAB and merchants were presented in a straightforward manner. Afterall, the merchants were signing up for services on the NAB website. But, NAB chose not to do so.

Even NAB admits it is not a party to the MSA. When it appealed this Court's decision denying its motion to compel arbitration, NAB argued to the Ninth Circuit, "[t]he MSA clearly speaks of that direct card acceptance relationship, in that [NAB] is not a party to it, and instead the member sponsor bank and its processing partner, Global Payments Direct, Inc. ('Global') are parties to the agreement." (Doc. No. 61-2 at 219 (quoting NAB's Opening Brief, *McGhee v. North American Bancard*, Case No. 17-56248 (9th Cir. 2019).) And even more, NAB argued the MSA did not even go into effect because the MSA's condition precedent—McGhee reaching a certain transactional threshold with his card reader—was not met. (*Id.*) As such, NAB clearly did not contemplate that the MSA would govern its relationship with McGhee.[2]

Nevertheless, NAB argues this Court and the Ninth Circuit both determined in past decisions that the MSA governed the relationship between McGhee and NAB. (Doc. No. 62 at 12.) To the contrary, this Court and the Ninth Circuit's decision was only limited to the conclusion that McGhee did not assent to the User Agreement, but instead assented to MSA. The decisions did not address the relationship of the parties in the MSA or hold that

---

[2] NAB also argues calls attention to the language of the MSA, arguing that the MSA does not require that a party to the contract enforce the class action waiver. (Doc. No. 62 at 12.) But a plain reading of the MSA does not support this contention. The MSA and class action waiver is clear to point out the agreement is between the parties to the contract, and does not mention that third-parties may enforce the class action waiver.

the MSA governs McGhee's claims against NAB.[3] *See McGhee*, 755 F. App'x at 719 (9th Cir. 2019) ("The onus fell on NAB to put its customers on notice of the binding terms of the contract in a clear and straightforward way. NAB failed to do so, instead causing confusion through the convoluted placement of contradictory documents on its website.") (internal citations omitted).

In light of the foregoing, the Court concludes NAB cannot enforce the class action waiver against McGhee. Therefore, the Court is unwilling to employ the harsh measure of striking McGhee's class allegations based on a class action waiver contained in an agreement to which NAB is not a party. Because the Court concludes as such, the Court need not address the parties' arguments as to whether the class action waiver is procedurally or substantively unconscionable.

## V. CONCLUSION

While McGhee assented to the class action waiver in the MSA, it is clear that NAB was not intended to be part of this agreement. As a result, NAB may not enforce the class action waiver against McGhee. The Court thus **DENIES** NAB's motion to dismiss and/or strike McGhee's class allegations. NAB's request for a stay of discovery is also **DENIED AS MOOT**.

**IT IS SO ORDERD.**

Dated: March 23, 2020

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Of note, McGhee's claims in his complaint are not premised on any specific contract. Indeed, the causes of action pled in the complaint include: (1) negligent misrepresentation, (2) fraudulent concealment, (3) intentional misrepresentation, (4) breach of implied covenant of good faith and fair dealing, (5) unjust enrichment, (6) violation of California's Unfair Competition Law, and (7) violation of California's False Advertising Law. (Doc. No. 1.)