UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE BENNETT, on behalf of herself and all others similarly situated, and GERALD MCGHEE,<br><br>         Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN BANCARD, LLC,<br>         Defendant. | Case No.: 17-cv-00586-AJB-KSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS ACTION ALLEGATIONS**<br>**(Doc. No. 175)** |

  Presently before the Court is Defendant North American Bancard, LLC's ("NAB") motion to strike class allegations. (Doc. No. 175.) The motion has been fully briefed, (Doc. Nos. 184, 185), and the matter is suitable for determination on the papers. For the reasons set forth below, the Court **DENIES** the motion to strike Plaintiffs June Bennett and Gerald McGhee's ("Plaintiffs") class allegations.

**I. BACKGROUND**

  Plaintiffs bring this putative class action on behalf of consumers who NAB allegedly improperly charged undisclosed monthly fees in connection with its credit card processing service and products. (First Amended Complaint ("FAC"), Doc. No. 156, ¶ 1.) NAB offers a "Pay-As-You-Go" credit card processing service, which was advertised as a free service with no setup, monthly, or hidden fees. (*Id.* at ¶ 2.) Plaintiffs were two of NAB's Pay-As-

1

You-Go customers who were charged multiple fees in the form of a $3.99 per month "inactivity" fee. (*Id.* ¶ 3.) NAB automatically began withdrawing these inactivity fees from its customers' bank accounts in 2015. (*Id.* ¶ 23.) To date, NAB has not refunded any of the inactivity fees withdrawn from Plaintiffs' bank accounts. (*Id.* ¶ 16.)

Plaintiff McGhee filed the original complaint in this Court in March 2017. (Doc No. 1.) NAB then filed a motion to dismiss and/or strike class action claims and related allegations on August 27, 2019 (Doc. No. 60), which was denied (Doc. No. 70). Plaintiffs thereafter filed a motion to certify the class in October 2020 (Doc. No. 84), which the Court denied without prejudice, (Doc. No. 126). On October 1, 2021, Plaintiffs filed the FAC, which added Bennett as a plaintiff. (*See* FAC.) On January 7, 2022, Plaintiffs filed a second motion to certify class, which is still pending before this Court. (Doc. No. 165.) On February 2, 2022, NAB filed the instant motion to strike class action claims. This order follows.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion functions "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation and quotations omitted). Rule 12(f) motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delay tactic. *See Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Motions to strike are generally not granted unless the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *Id.*

///

Moreover, "[d]ismissal of a class at the pleading stage is rare because 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Mirkarimi v. Nev. Prop. 1 LLC*, No. 12cv2160-BTM-DHB, 2013 WL 3761530, at *4 (S.D. Cal. July 15, 2013) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982)). Thus, although a defendant is not prohibited from moving to strike class allegations before the motion for class certification, courts often decline to grant such motions "because the shape and form of a class action evolves only through the process of discovery." *Simpson v. Best W. Int'l, Inc.*, No. 3:12-cv-4672-JCS, 2012 WL 5499928, at *9 (N.D. Cal. Nov. 13, 2012) (internal citation and quotations omitted). In rare circumstances, class allegations may be struck prior to discovery where "the complaint demonstrates that a class action cannot be maintained on the facts alleged." *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009)

## III. DISCUSSION

NAB moves to strike the class allegations pursuant to Rule 12(f). Under that rule, a court may act *sua sponte*, or NAB must file a motion to strike a pleading or portion thereof either before responding to the pleading, or, if a response is not allowed, within twenty-one days after the relevant pleading is served. Fed. R. Civ. P. 12(f).

First, several courts within this Circuit have held that Rule 12(f) is an improper vehicle for dismissing class claims and should rather be addressed through Rule 23. *See Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1103–04 (N.D. Cal. 2014). Moreover, while class allegations can be stricken at the pleadings stage if the claim could not possibly proceed on a classwide basis, "it is in fact rare to do so in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). Additionally, although there is some inconsistency within this Circuit, the Court agrees that "a class action is a procedural device, not a claim for relief." *See Morrelli v. Corizon Health, Inc.*, No. 1:18-cv-1395-LJO-SAB, 2019 WL 918210 (E.D. Cal. Feb. 25, 2019), at *12 (finding it inappropriate to either dismiss class allegations under Rule 12(b)(6) or strike them under Rule 12(f)); *Meyer*, 10 F. Supp. 3d at 1103–04 (denying

Defendant's motion to dismiss and/or strike class action allegations because such arguments are better appropriately addressed through Rule 23),

Next, it would be inappropriate against this procedural backdrop to allow NAB to seek certification-related relief now under Rule 12(f). As an initial matter, NAB's motion is untimely. Here, the relevant pleading is Plaintiffs' FAC, which was filed on October 1, 2021. (*See* Doc. No. 156.) NAB filed its answer on October 22, 2021, so the motion to strike (filed in February 2022) comes three months too late. NAB's only response to Plaintiff's timeliness objection is to note that "cases disfavoring a motion to strike are inapplicable where, as here, it is undisputed that extensive discovery has already been completed." (Doc. No. 185 at 8.) However, NAB fails to cite case law in support of this contention. Moreover, this case has been pending for approximately five years, NAB has already answered the FAC, and Plaintiff has already filed a motion for class certification. To the extent NAB believes class certification is inappropriate, it will have a full and fair opportunity to make its case when it opposes Plaintiff's certification motion.

Lastly, under Rule 12(f)(1), the court may strike material from a pleading "on its own" at any time, but this provision is obviously inapplicable here because the Court is not acting *sua sponte*—it is addressing a motion filed by NAB.

Accordingly, the Court **DENIES** NAB's motion to strike Plaintiffs' class allegations.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to strike Plaintiffs' class allegations. (Doc. No. 175.)

**IT IS SO ORDERED.**

Dated: February 25, 2022

Hon. Anthony J. Battaglia
United States District Judge